EUGENE G. IREDALE, ESQ. (SBN: 75292)
JULIA YOO, ESQ. (SBN: 231163)
LAW OFFICES OF EUGENE G. IREDALE
105 West "F" Street, 4th Floor
San Diego, California  92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

Attorneys for plaintiff DEIDRIA NICHOLSON

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRIA NICHOLSON,  an individual )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF SAN DIEGO, a municipal )<br>corporation, SAN DIEGO POLICE )<br>DEPARTMENT, WILLIAM )<br>LANSDOWNE, an individual, COUNTY )<br>OF SAN DIEGO, BILL KOLENDER and )<br>DOES 1-100 inclusive, )<br><br>Defendants. )<br>_____) | Case No.   **'11 CV 0055 DMS RBB**<br><br>**COMPLAINT FOR:**<br><br>(1)  VIOLATION OF 42 U.S.C. § 1983 (ARREST WITHOUT PROBABLE CAUSE)<br>(2)  VIOLATION OF 42 U.S.C. § 1983 (FAILURE TO PROVIDE PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE)<br>(3)  *MONELL* LIABILITY FOR *DE FACTO* POLICY OF FAILING TO PROVIDE PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE<br>(4)  VIOLATION OF 42 U.S.C. § 1983 (MEDIA INTRUSION)<br>(5)  FAILURE TO PROPERLY TRAIN<br>(6)  FAILURE TO SUPERVISE AND DISCIPLINE<br>(7)  FALSE IMPRISONMENT<br>(8)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>(9)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>(10)  NEGLIGENCE<br>(11)  VIOLATION OF THE UNRUH ACT PURSUANT TO California Civil Code § 52.1<br><br>JURY TRIAL IS HEREBY DEMANDED |

1

COMES NOW, Plaintiff, by and through her attorneys of record, and alleges and complains as follows:

## I.
## GENERAL ALLEGATIONS

1.      Jurisdiction is founded upon the existence of a federal question, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of California.

3.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in La Mesa, California.

5.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.      Plaintiff has complied with Cal. Gov. Code §§ 800 *et seq*.

7.      At all times relevant to this complaint, Plaintiff was an individual residing in La Mesa, California.

8.      Defendant WILLIAM LANSDOWNE was the chief of San Diego Police Department and a policy-maker.

9.      At all times relevant to this complaint, Defendants DOES 1-50 were San Diego police officers and agents of the CITY OF SAN DIEGO.  At all times relevant hereto, these defendants were acting in their professional capacity as San Diego police officers and at other times they were working in their personal capacity as individuals outside the scope of their employment.

10.     At all times relevant to this complaint, Defendants DOES 51-60 were La Mesa police officers.  At all times relevant hereto, these defendants were acting in their professional capacity as La Mesa police officers and at other times they were working in their personal capacity as individuals outside the scope of their employment.  These Doe defendants participated in the arrest of Deidria Nicholson.

11.     At all times relevant to this complaint WILLIAM LANSDOWNE was responsible for the training, policy, procedures and actions of the officers in San Diego.

12.     Defendant BILL KOLENDER was the sheriff of San Diego and a policy-maker.

13.     At some times relevant to this complaint, Defendants DOES 61-100, were San Diego sheriffs and agents of the COUNTY OF SAN DIEGO.  At some times relevant hereto, these defendants were acting in their professional capacity as San Diego sheriffs and at other times they were working in their personal capacity as individuals outside the scope of their employment.

14.     Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 100, inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

15.     These Defendants were agents, servants and employees of each other of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## II.
## FACTS

16.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

17.   Defendants were investigating a series of frauds and thefts committed by a woman whose image was captured on video surveillance.

18.   These crimes were committed against the elderly and they garnered significant media attention.

19.   An anonymous caller contacted the police and told them that the suspect looked like Plaintiff, Deidria Nicholson.

20.   On April 8, 2010, Defendants executed a search warrant at Plaintiff's residence in La Mesa, California.

21.   Defendants brought camera crews from three different television stations to film the search.

22.   Defendants allowed the camera crews to enter a private area of the Plaintiff's apartment complex so that they could film and broadcast the search of Ms. Nicholson's car.

23.   Defendants searched Deidria Nicholson's home for approximately an hour and a half.

24.   Defendants rummaged through the entire house and took letters, bills, and other financial documents.

25.   They took a personal computer.

26.   Defendants found no evidence that would link Ms. Nicholson to any of the crimes.

27.   Defendants were in possession of the photograph of the suspect who was clearly not Dedria Nicholson.  Any reasonable police officer would have realized that the photograph did not depict Plaintiff and that it would be objectively unreasonable to arrest Ms. Nicholson for the acts of the woman shown in the video photograph.

28.   The only similarity between the suspect and Deidria Nicholson was that they were both heavy-set black women.

29.   Defendants arrested Ms. Nicholson.

30.   Ms. Nicholson spent five days in the county jail until she was arraigned.

31.     The news of Ms. Nicholson's arrest aired for several days, showing Ms. Nicholson being arrested and taken into custody.

32.     Due to the media attention given to Ms. Nicholson's arrest, she had to be placed in protective custody at Las Colinas Detention Center.

33.     The real criminal, Cassandra Henry, had been arrested in Clairemont, California days earlier for these crimes.

34.     Despite the fact that the real criminal had been apprehended, the Defendants did not release Ms. Nicholson from jail.

35.     Deidria Nicholson was not arraigned for five days.

36.     At the arraignment, Ms. Nicholson's family provided the prosecution a copy of the surveillance photograph of the suspect, who was clearly not Deidria Nicholson.

37.     The prosecution dropped all charges against Ms. Nicholson and she was released.

38.     Defendant police officers refused to return Ms. Nicholson's computer for several months despite repeated requests.

39.     As a result of Defendants actions, Plaintiff has suffered harm and injuries in the amount to be proven at trial.

### III
### FIRST CAUSE OF ACTION
**[Civil Rights Action (42 U.S.C. § 1983) Against SAN DIEGO, the DEPARTMENT, LANSDOWNE and Does 1 to 60**
**Arrest without Probable Cause]**

40.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

41.     42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

42.     Plaintiff had a firmly established right under the Fourth Amendment to be free

from arrest without probable cause.

43.     Defendants arrested Deidria Nicholson without a warrant on April 8, 2010, despite the fact that she was not the person who committed the crimes.

44.     Defendants arrested Ms. Nicholson without probable cause, subjecting her to an unlawful seizure of her person

45.     Ms. Nicholson was detained without a judicial determination of probable cause after her arrest until long after forty-eight hours in custody had passed.

46.     The defendant officers were at this time performing their duties as officers for the defendants, CITY OF SAN DIEGO, the DEPARTMENT, and LANSDOWNE.

47.     During the relevant period, the defendant police officers were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of San Diego.

48.      These defendants were acting pursuant to the training given to them by CITY OF SAN DIEGO, the DEPARTMENT, and LANSDOWNE.

49.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States and the laws of the United States.  Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

50.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

51.     Plaintiff Deidria Nicholson is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

**IV.**
**SECOND CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 1983 Detention without Prompt Judicial Determination of Probable Cause under the Fourth Amendment against the COUNTY OF SAN DIEGO, BILL KOLENDER and DOES 61-100)**

52.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

53.    Plaintiff was subjected to an extended period of pretrial detention without a prompt judicial determination of probable cause to believe that she committed a crime.

54.    Plaintiff was subjected to an extended period of pretrial detention without a prompt judicial evaluation of the arresting officers' erroneous conclusion that the arrest of Deidria Nicholson was justified.

55.    Plaintiff was deprived of a prompt judicial determination of probable cause from a neutral magistrate as required by the Fourth Amendment.

56.    As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

### V.
### THIRD CAUSE OF ACTION
**(Municipal Liability Civil Rights Action (42 U.S.C. § 1983)**
**De *Facto* Policy of Denying Prompt Judicial Determination of Probable Cause  against the**
**COUNTY OF SAN DIEGO, BILL KOLENDER and DOES 61-100)**

57.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

58.    San Diego County sheriffs, acting under color of law, have subjected plaintiff and other persons similarly situated to a pattern of conduct which denied them a timely judicial determination of probable cause, a right that is guaranteed to them by the Constitution of the United States.

59.    The systematic pattern of conduct consists of the San Diego Sheriff's routine failures to take pretrial detainees to be arraigned within 48 hours of their detention.

60.    Defendants Kolender and the County of San Diego permitted the failure to promptly arraign pretrial detainees in a *de facto* policy that was violative of the Constitutional rights of the plaintiff.

61.     Defendants knew or should have known of the risks posed by the Department's *de facto* policies regarding the failure to promptly take the detainees for a probable cause determination.

62.     Dfendants were deliberately indifferent to the right of the plaintiff.

63.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, Plaintiff was denied her right to a prompt judicial determination as to probable cause.

64.     During the relevant period defendant officers, Doe 61 through 100, were acting pursuant the unwritten but *de facto* policy of failing to timely arraign pretrial detainees.

65.     Although Defendants knew that a pattern of failing to accord detainees a prompt judicial determination of probable cause existed, Defendants took no steps or made any efforts to halt this course of conduct, or to take any disciplinary action against their employees.

66.     The unlawful and illegal conduct of Defendants, their agents, servants and employees and each of them, deprived plaintiff of the  rights, privileges and immunities secured to her by the Constitutions of the United States.

67.      As a direct, proximate and foreseeable result, Plaintiff has suffered damages in an amount to be proven at the time of trial.

**VI.**
**FOURTH CAUSE OF ACTION**
**[Civil Rights Action (42 U.S.C. § 1983)**
**Against SAN DIEGO, the DEPARTMENT, LANSDOWNE and Does 1 to 60**
**Allowing Media Access to Plaintiff's Home]**

68.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

69.     It is a violation of a person's Fourth Amendment for the police to bring media representatives or other third parties into a home during the execution of a warrant when the presence of the third parties in the home is not in aid of the execution of the warrant.

70.     Defendants contacted the media and arranged for them to videotape the search.

71.     Defendants allowed the media into a gated area of the apartment complex so that they could film the search of Ms. Nicholson's car.

72.     The members of the media did not aid of the execution of the warrant.

73.     The actions of the Defendants violated Ms. Nicholson's rights under the Fourth Amendment.

74.     As a result of Defendants' actions, Plaintiff suffered damages in the amount  to be proven at trial.

**VII.**
**FIFTH CAUSE OF ACTION**
**[Civil Rights Action (42 U.S.C. § 1983)**
**For Failure to Properly Train Against Defendants**
**SAN DIEGO, the DEPARTMENT and LANSDOWNE]**

75.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

76.     CITY OF SAN DIEGO, the DEPARTMENT, and LANSDOWNE as a matter of custom, practice and policy, failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the Constitutional rights of citizens and arrestees; and to prevent the wrongful arrest and incarceration of innocent citizens.

77.     Defendants CITY OF SAN DIEGO, the DEPARTMENT, and LANSDOWNE failed to provide adequate training and supervision to police officers that held the power, authority, insignia, equipment and arms entrusted to them.  Defendants failed to promulgate and enforce adequate policies and procedures related to police misconduct, the violation of citizens' civil rights by deputy sheriffs, and harassment and assault.

78.     Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

79.     The failure to promulgate or maintain Constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and others in their position.

80.     The constitutionally infirm lack of adequate training as to the officers in this case

1    caused Plaintiff's damages.

2        81.    As a result of Defendants actions, Plaintiff suffered damages in the amount to be

3    proven at trial.

4                                **VIII.**
                        **SIXTH CAUSE OF ACTION**
5               **[Civil Rights Action (42 U.S.C. § 1983) For Failure to**
                    **Supervise and Discipline Against Defendants**
6               **SAN DIEGO,  the DEPARTMENT, and LANSDOWNE]**

7        82.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same

8    herein.

9        83.     CITY OF SAN DIEGO, the DEPARTMENT, and LANSDOWNE, as a matter of

10   custom, practice and policy, failed to supervise police officers in the department to prevent, deter

11   and punish wrongful arrests and detentions.

12       84.    Defendants had knowledge of prior incidents of misconduct and civil rights

13   violations by other police officers involving similar facts.

14       85.    Defendants were, or should have been, aware that the policy regarding supervision

15   and discipline of officers who violated the civil rights of the citizens was so inadequate that it

16   was obvious that a failure to correct it would result in further incidents by its police officers.

17       86.    The Constitutionally deficient investigation and lack of discipline was done with

18   deliberate indifference to the rights of Plaintiff and others in her position.

19       87.    The lack of adequate supervision and discipline  caused Plaintiff's damages

20       88.    As a result of Defendants actions, Plaintiff suffered damages in the amount to be

21   proven at trial.

22

23                                **IX.**
                        **SEVENTH CAUSE OF ACTION**
24                          **FALSE IMPRISONMENT**
                          **against ALL DEFENDANTS**
25

26       89.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same

27   herein.

28       90.    Defendants unlawfully detained the Plaintiff for an unreasonable period of time

after they knew or should have known that Deidria Nicholson was not the same person depicted in the surveillance photograph and after the real suspect had been arrested

91.     Under California law, false imprisonment is the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short."

92.     Ms. Nicholson was imprisoned against her will for five days after being wrongfully arrested.

93.     CITY OF SAN DIEGO, the DEPARTMENT,  LANSDOWNE knew or should have known that they were arresting the wrong person who did not resemble the real suspect. They knew or should have known that the real suspect had been apprehended.  They did nothing to correct their wrong and continued to cause Ms. Nicholson to be detained.

94.     COUNTY OF SAN DIEGO, BILL KOLENDER and Does 61 to 100 failed to take Deidria Nicholson before a neutral magistrate or to secure a prompt judicial determination of probable cause as required by the Fourth Amendment for an arraignment and caused Plaintiff to be detained for five days.

95.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 *et seq.* and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

96.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

**X.**
**EIGHTH CAUSE OF ACTION**
**[Intentional Infliction of Emotional Distress Against Defendants**
**SAN DIEGO,  the DEPARTMENT, and LANSDOWNE ]**

97.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

98.      By engaging in the acts alleged herein, the Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer

emotional distress.

99.     As a direct, proximate and foreseeable result, Plaintiff has suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by plaintiffs.

100.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 *et seq.* and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

101.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## XI.
### NINTH CAUSE OF ACTION
**[Negligent Infliction of Emotional Distress Against ALL DEFENDANTS]**

102.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

103.     Defendants had a duty to Plaintiff to act with reasonable care and prudence so as not to cause harm or injury to her.

104.     By engaging in the acts alleged herein, it was reasonably foreseeable and easily predictable that Defendants' actions would cause Plaintiff to suffer severe emotional distress.

105.     Defendants' breach of their duty to Plaintiff directly and proximately caused Plaintiff to suffer severe emotional distress.

106.     As a result of Defendants' actions, Plaintiff suffered damages in an amount to be proven at trial.

## XII.
### TENTH CAUSE OF ACTION
**[Negligence Against ALL DEFENDANTS]**

107.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

108.     Defendants, their agents, servants and employees owed a duty of reasonable care

1    to prevent unnecessary harm to plaintiff Deidria Nicholson.

2        109.    Defendants breached their duty to exercise reasonable care.

3        110.    Defendants failed to act with reasonable care, resulting in the wrongful arrest  and

4    detention of plaintiff.

5        111.    Defendants' breach of the duty of reasonable care caused damages to plaintiff, in

6    an amount to be established at trial.

7                                    **XIII.**
                          **ELEVNTH CAUSE OF ACTION**
8        **[California Civil Rights Violation (Section 52.1) Against ALL DEFENDANTS]**

9

10       112.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same

11   herein.

12       113.    Plaintiff had a firmly established right to be free from  arrest without probable

13   cause under the Fourth Amendment to the United States Constitution.

14       114.    The California Legislature has declared that it violates our state civil rights act for

15   any person to interfere with the exercise or enjoyment by any individual of his rights secured by

16   the United States Constitution or state or federal law.

17       115.    The Defendants interfered with Plaintiff's rights under the Fourth Amendment of

18   the United States Constitution and in violation of Section 52.1 by the wrongful arrest of Deidria

19   Nicholson.

20       116.    Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered

21   economic damages and non-economic damages, including, but not limited to, emotional distress,

22   pain and suffering, medical expenses and fear caused by the acts complained of herein according

23   to proof at the time of trial.

24       117.    Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code

25   Section 52, attorneys' fees and costs of suit incurred herein.

26       118.    The conduct of Defendants also amounts to oppression, fraud or malice within the

27   meaning of Civil Code Section 3294 *et seq*. and punitive damages should be assessed against

28

---
                                    13

each non-municipal defendant for the purpose of punishment and for the sake of example.

Defendant CITY OF SAN DIEGO  and SAN DIEGO  POLICE DEPARTMENT are liable for

the acts of its officers as they have agreed with and or ratified the acts.

WHEREFORE, Plaintiff prays as follows:

1.      For general and special damages according to proof at the time of trial;

2.      For punitive damages;

3.      For costs of suit and interest incurred herein;

4.      For an award of attorney's fees;

5.      For punitive damages; and

6.      Any further injunctive or declaratory relief this court deems just and proper,

including an injunction requiring the institution of appropriate screening and hiring procedures,

proper training procedures, appropriate supervision and discipline procedures and an order

requiring the establishment of a policy to ensure that prompt judicial determination of probable

cause.


DATED: January 10, 2011                         Respectfully submitted,

                                                LAW OFFICES OF EUGENE G. IREDALE



                                                /s/ Eugene G. Iredale
                                                Eugene G. Iredale
                                                Julia Yoo
                                                Attorneys for Plaintiff
                                                DEIDRIA NICHOLSON

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Deidria Nicholson, an individual

**DEFENDANTS**

City of San Diego, a municipal corporation, et al.

(b) County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

LAW OFFICES OF EUGENE G. IREDALE, 105 West F Street, Fourth Floor, San Diego, CA 92101, 619.233.1525

Attorneys (If Known)

'11 CV 0055 DMS RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
1983

Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                              DOCKET NUMBER

DATE
01/10/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/  Eugene G. Iredale

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE